UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
COREY KEARSE,

                     Plaintiff,

          -against-                                  09 Civ. 4176 (LAK)

KAPLAN, INC.,

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

         Appearances:

                        Gary B. Friedman
                        Tracey Kitzman
                        FRIEDMAN LAW GROUP LLP

                        Richard Rouco
                        Sara C. Hacker
                        Joe R. Whatley
                        WHATLEY DRAKE & KALLAS, LLC

                        *Attorneys for Plaintiff*

                        Gordon Schnell
                        David A. Scupp
                        CONSTANTINE CANNON LLP
                        *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

         Plaintiff took a Law School Aptitude Test ("LSAT") preparation course offered by

2

defendant Kaplan, Inc. ("Kaplan"), the well known test preparation company, in August 2003.  He brought this action in 2009.  He here claims that the price he paid for the LSAT prep course six years before was greater than otherwise would have been the case as a result of an alleged 1996 market allocation agreement between Kaplan and BAR/BRI, in violation of Section 1 of the Sherman Act, pursuant to which BAR/BRI is said to have agreed to withdraw from the LSAT prep course business.  Kaplan moves to dismiss the complaint on the grounds, among others, that it is barred by the statute of limitations and by a release in a prior class action settlement.

*Facts*

As this is a motion to dismiss, the Court assumes the truth of the well pleaded factual allegations of the complaint and, in certain instances specifically noted below, facts of which it takes judicial notice and materials effectively incorporated in the complaint by reference.

*The Alleged Antitrust Violation*

In or about 1995, West Publishing Corporation ("West"), through a division or subsidiary called West Bar, competed with the well known BAR/BRI in offering bar review courses to candidates for admission to the bar.[1]  BAR/BRI in addition offered other examination preparation courses, including courses to prepare aspiring law students for the LSAT.[2]

In 1996, Thomson Corporation, now Thomson Retuers, acquired West, decided to

---

[1] Cpt ¶ 2.

[2] *Id.*

sell West Bar and negotiated a letter of intent to sell West Bar's assets to defendant Kaplan.[3]  At that point, BAR/BRI allegedly learned of the impending sale of West Bar and contacted Kaplan.  This allegedly resulted in an agreement pursuant to which BAR/BRI agreed to cease offering LSAT preparation courses.   Kaplan, for its part, allegedly agreed to withdraw from its impending acquisition of West Bar and to keep out of the bar examination preparation course business.[4] According to plaintiff, this eliminated BAR/BRI as a competitor in and allowed Kaplan to dominate the LSAT preparation business while cementing BAR/BRI's alleged dominance over the bar examination preparation business.[5]

*Plaintiff's Alleged Grievance*

Plaintiff claims that he purchased an LSAT preparation course from Kaplan during the time period covered by the complaint and that the price he paid was negatively affected by the lack of competition from BAR/BRI.[6]   While the complaint does not disclose the date of his purchase, the Court takes judicial notice of the fact that it took place on August 12, 2003.[7]

---

[3]

        *Id.* ¶ 3.

[4]

        *Id.* ¶ 4.

[5]

        *Id.* ¶¶ 5-6.

[6]

        *See id.* ¶¶ 10, 53.

[7]

        Defendant furnished a document so indicating and requested that the Court judicially notice that fact.  Def. Mem. 6 n.6.  Plaintiff neither disputed the date nor objected to its judicial notice.

*The Rodriguez Action*

On April 29, 2005, Ryan Rodriguez sued defendant, BAR/BRI and West under the antitrust laws in the Central District of California on behalf of himself and other purchasers of BAR/BRI bar review courses.  The complaint and amended complaint in that action, in very similar language, alleged precisely the market division scheme between BAR/BRI and Kaplan that is alleged in this complaint – the alleged agreement to eliminate Kaplan as a competitor in the bar examination course business and to eliminate BAR/BRI as a competitor in the LSAT examination course business.[8]

In 2006, the *Rodriguez* court certified a plaintiff class comprised of all persons who had purchased a bar review course from BAR/BRI.[9]  In February 2007, the parties agreed upon a settlement of *Rodriguez.*[10]  Under its terms, West and Kaplan agreed to pay the plaintiff class $49 million and terminate their co-marketing relationship.[11]  In return, plaintiffs released West and Kaplan from all claims "that have been asserted *or could have been asserted* . . . for any conduct alleged in the [*Rodriguez*] complaint."[12]  The district court approved the settlement on April 23,

---

[8]
      Scupp Decl. Ex. C (*Rodriguez* complaint) ¶¶ 4, 34-35, 58-63; Ex. D (*Rodriguez* amended complaint) ¶¶ 4, 37-38, 64-69.

[9]
      *Id.* Ex. F, at 3.

[10]
      *Id.* at 4; Ex. G (settlement agreement).

[11]
      *Id.* Ex. F, at 7-8; Ex. G ¶¶ 27-28.

[12]
      *Id.* Ex. F, at 7-8; Ex. G ¶ 56 (emphasis added).

2009, and the Ninth Circuit subsequently affirmed.[13]

### Discussion

The statute of limitations governing private damage actions under the federal antitrust laws is four years.[14]  A person injured by an antitrust violation therefore must sue within four years after the date of the injury.[15]

Here, plaintiff allegedly was injured on August 12, 2003, the date of his Kaplan LSAT purchase for which he claims to have paid an inflated price.[16]  He therefore had four years from that date within which to bring suit.  His April 28, 2009 filing was one year and eight months too late.

Plaintiff seeks to avoid the bar of the statute by alleging fraudulent concealment which, if sufficiently alleged, might toll the running of the four year period.  Fraudulent concealment claims, however, are averments of fraud and must be alleged with the particularity required by Federal Rule of Civil Procedure 9(b).[17]  Specifically, plaintiff does not get the benefit of a fraudulent concealment toll absent particularized allegations that (1) Kaplan concealed the challenged conduct,

---

[13]

  *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948 (9th Cir. 2009).

[14]

  15 U.S.C. § 15(b).

[15]

  *See e.g., Zenith Radio Corp. v. Hazeltine Res., Inc.,* 401 U.S. 321, 338-39 (1971).

[16]

  *See* Cpt ¶ 53.

[17]

  *See e.g., Four Seasons Solar Prods. Corp. v. Southwall Techs., Inc.,* 100 Fed. Appx. 12 (2d Cir. 2004); *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir. 2001); *Breiner v. Stone,* No. 96-9091, 122 F.3d 1055 (table), 1997 WL 416942, at *1 (2d Cir. July 25, 1997); *Armstrong v. McAlpin,* 699 F.2d 79, 88-90 (2d Cir. 1983).

(2) plaintiff was ignorant of the conduct until less than four years prior to the commencement of this action, and (3) plaintiff exercised due diligence in discovering the challenged conduct. "Where fraudulent concealment is established, the statute of limitations does not begin to run until the plaintiff knew, or in the exercise of reasonable diligence should have known, of the existence of his cause of action."[18]

> The fraudulent concealment allegations in this complaint are limited to the following:
>
> > "37.   Throughout the relevant time, the Defendant and its co-conspirators have affirmatively and wrongfully concealed their unlawful conduct from Plaintiff and the Class.
> >
> > "38.   Plaintiff and members of the class had no actual or constructive knowledge until April 29, 2005 of the illegal contract, combination or conspiracy that is the subject of this Complaint or of any facts that might have led to the discovery thereof in the exercise of reasonable diligence.
> >
> > "39.   Because Defendant's conspiracy was actively concealed and kept secret by Defendant and its co-conspirators, Plaintiff and Class members were unaware of Defendant's unlawful conduct that is the subject of this complaint and did not know that they were paying artificially high prices for LSAT test preparation services."

It is apparent almost at inspection that these allegations do not satisfy Rule 9(b).

Paragraph 37 is entirely conclusory. Moreover, it is in considerable tension with paragraph 30 of the complaint, which alleges that Kaplan and BAR/BRI "publicly announced" their joint marketing relationship within weeks of their accession to the Co-Marketing Agreement, with Kaplan's open promotion of BAR/BRI's bar review courses, and with BAR/BRI's conspicuous absence from the LSAT prep course business.

Paragraphs 38 and 39 likewise are entirely conclusory. And they too are in tension

---

[18]   ABA SECTION OF ANTITRUST LAW, ANTITRUST LAW DEVELOPMENTS 866 (6th ed. 2007).

with the known facts.  The *Rodriguez* action was filed on April 29, 2005.  Common sense suggests that the complaint in that action was not born, fully grown and fully armed, from the brow of Zeus in an instant on that day.  Rather, its filing on April 29, 2005 approaches conclusive proof that the plaintiffs in that case and their attorneys knew of the alleged market division agreement that is the common root of *Rodriguez* and this case at least as early as April 27, 2005 and thus more than four years before the filing of this action on April 28, 2009.  And if the *Rodriguez* plaintiffs and counsel knew of it by April 27, 2005, plaintiff and his counsel in this case quite likely also could have known of it.  At any rate, their burden under Rule 9(b) would seem to include a showing that they could not have known it by then had they exercise due diligence.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss the complaint on the ground that it is barred by the statute of limitations is granted.  As I cannot exclude the possibility that plaintiff could sufficiently allege fraudulent concealment, the dismissal is without prejudice to the filing, on or before March 25, 2010, of an amended complaint amending only the fraudulent concealment allegations.

SO ORDERED.

Dated:          March 12, 2010

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)